UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA MEYER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 05-1330 |
| ) | |
| v. ) | Judge Terrence F. McVerry |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| J. BARRY JOHNSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### II.   REPORT

The Petitioner, Joshua Meyer, is a state prisoner incarcerated at the State Correctional Institution, Pine Grove, located in Indiana, Pennsylvania. Currently pending before this court is his *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 4). Therein, he claims that he is entitled to habeas relief and that this court should vacate the judgment of sentence against him and void his guilty plea.

**A.   Relevant Factual and Procedural History**

In July 2000, Meyer was charged in the Court of Common Pleas of Allegheny County, Criminal Division, in connection with an armed robbery perpetrated by himself and accomplices at a convenience store on February 29, 2000. Meyer was age

1

seventeen on the date of the incident.

The trial court appointed Erika Kreisman, Esquire, to represent Meyer. Attorney Kreisman filed a motion to decertify the matter from the criminal division to the juvenile division of the Court of Common Pleas. After conducting a decertification hearing (Ex.[1] 5), the Honorable Kathleen A. Durkin denied the motion by order dated August 18, 2000. (Ex. 7).

On April 4, 2001, Meyer pleaded guilty to robbery and related offenses. Judge Durkin sentenced him to three to six years incarceration. Meyer did not appeal his judgment of sentence.

On November 26, 2001, Meyer filed a timely *pro se* petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq*. Christine H. Nooning, Esquire, of the Office of Public Defender, was appointed to represent him and she filed an amended PCRA petition on his behalf. In the amended petition, Meyer claimed that the trial court lacked jurisdiction to accept his plea because his case should have been transferred to juvenile court. (Ex. 13). In the alternative, Meyer claimed Attorney Kreisman provided him with ineffective assistance of counsel because she failed to advise him to appeal the trial court's decision to deny his motion for decertification. (Ex. 13 at 24).

After conducting an evidentiary hearing (Ex. 15), Judge Durkin denied the PCRA petition. (Exs. 16 & 19). Meyer appealed through Scott B. Rudolf, Esquire, of the Office of Public Defender. (Exs. 18 & 21). On March 28, 2005, the Superior Court affirmed

---

[1] All Exhibits cited herein are attached to the Respondents' Answer (Doc. 8).

the decision of Judge Durkin and denied PCRA relief. It determined that Meyer's argument that the trial court lacked jurisdiction was waived because it could have been, but was not, raised on direct appeal. (Ex. 22 at 2). The Superior Court further held that, even if the claim was not waived, the trial court did not abuse its discretion in denying the motion to decertify. (Ex. 22 at 4). It did not address Meyer's ineffective assistance of counsel claim, presumably because the claim was not briefed.[2] (See Ex. 21).

Meyer, through Attorney Rudolf, filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania (Ex. 24), which was denied on August 23, 2005.

On September 18, 2005, Meyer filed the instant *pro se* Petition for Writ of Habeas Corpus with this court. (Doc. 4). He raises the following two claims:

(1) His state and federal constitutional rights were violated because the trial court did not have jurisdiction over his case; and,

(2) Attorney Kreisman provided him with ineffective assistance of counsel because she failed to advise him to appeal the trial court's decision to deny his motion for decertification.

---

[2] Although Attorney Rudolph raised the ineffective assistance of counsel claim in the Matters Complained of on Appeal (Ex. 18), he arguably abandoned the claim because he failed to brief it. (See Ex. 21). As a result, Meyer failed to exhaust the ineffective assistance claim in state court. Nonetheless, as discussed *infra*, this court need not determine whether the ineffective assistance claim is procedurally defaulted because state court remedies were not exhausted. Even if this claim were not procedurally defaulted and this court could consider the claim on the merits, Meyer is not entitled to relief.

3

**B.     Legal Analysis**

Meyer's claims have no merit.  Initially, it is noted that both claims appear to be procedurally defaulted (Claim 1 because the Superior Court determined that it was waived; and, Claim 2 because Meyer, through counsel, failed to brief the claim during the PCRA appeal).  However, because it is clear that Meyer has not demonstrated that he is entitled to federal habeas corpus relief with respect to either claim, this court need not undertake the lengthy analysis of state law that would be required to determine the applicability of the procedural default doctrine with respect to each claim.  See Lines v. Larkin, 208 F.3d 153, 165 (3d Cir. 2000) (noting that "federal courts should be most cautious before reaching a conclusion dependent upon an intricate analysis of state law that a claim is procedurally barred.")  Accordingly, this court may review Meyer's claims under the authority granted in 28 U.S.C. § 2254(b)(2), which provides that a federal court may deny a petitioner's claim on the merits notwithstanding a petitioner's failure to comply with state-law requirements.

In Claim 1, Meyer contends that his state and federal constitutional rights were violated because the trial court did not have jurisdiction to accept his guilty plea.  The portions of Meyer's claim that rests upon an alleged violation of the Pennsylvania Constitution and Pennsylvania state law are not cognizable in federal habeas.  Pursuant to 28 U.S.C. § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Thus, issues presented to the federal habeas court which involve a state law matter only do not entitle Meyer to federal habeas corpus relief.  28 U.S.C.

§ 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 68 (1991).

      Meyer fares no better on that portion of his claim that rests upon an alleged violation of the federal constitution.  He contends that the Due Process Clause entitles him to the right to have his case adjudicated by a tribunal having the jurisdiction to act, and that that right was violated because only the juvenile division, not the criminal division, had jurisdiction over his case.  (See Ex. 21 at 10 (citing Frank v. Magnum, 237 U.S. 309, 326 (1915)).  The most obvious problem with this contention is that it is based upon the incorrect premise that the criminal division did not have jurisdiction over his case.  The Superior Court held that it did, and this court is bound by that determination of state law.  See Preister v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004).  It noted that when a juvenile over the age of fifteen commits a robbery, jurisdiction automatically vests in the criminal court.  (Ex. 22 at 3-4 (citing 42 PA.CONS.STAT. § 6302 & § 6322(a); Commonwealth v. Hughes, 865 A.2d 761 (Pa. 2004)).  Therefore, although the trial court had the discretion to transfer the case to the juvenile division (and chose not to), it always had jurisdiction over Meyer's case.  Accordingly, his claim that his federal due process rights were violated because a court without jurisdiction presided over his case has no merit.

      Equally unpersuasive is Meyer's claim that he received ineffective assistance of counsel because Attorney Kreisman failed to advise him to challenge on direct appeal the trial court's decision to deny his motion for decertification.  In order to prevail on an ineffective assistance claim, Meyer must satisfy the familiar test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Supreme Court of the United States held that in order to establish that counsel's service was constitutionally deficient,

a petitioner must demonstrate both: (1) that counsel's performance was unreasonable; and (2) that the deficient performance prejudiced the defense.  Here, Meyer cannot prevail on an ineffective assistance claim because he cannot show that he was prejudiced by counsel's alleged unreasonable performance.[3]  Although the Superior Court in its PCRA appellate review determined that Meyer had waived the claim that the trial court erred in denying his motion to decertify, it also rendered an alternative holding in which it addressed the merits of the claim irrespective of the waiver.  As a result, Meyer was not deprived of his opportunity to have the Superior Court review that claim.[4]  And, the court held that the claim had no merit.  Accordingly, Meyer suffered no prejudice as a result of Attorney Kreisman's alleged deficient performance in failing to

---

[3] The Court in Strickland noted that although it had discussed the performance component prior to the prejudice component, there is no reason for an analysis of an ineffectiveness claim to proceed in that order.  466 U.S. at 697.  Consequently, if it is more efficient to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, this course should be followed.  Id.

[4] In a case in which a petitioner is denied an appeal altogether because of counsel's alleged deficient performance, the United States Supreme Court has articulated "a more specific version of the Strickland standard."  Harrington v. Gillis, __ F.3d __, No. 02-2419, slip op. at 9 (3d Cir. July 11, 2006) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).  With regard to the prejudice component, a petitioner must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 11 (quoting Flores-Ortega, 528 U.S. at 484).  In such cases, the Third Circuit Court explained, it "is unfair to *require* a . . . defendant to demonstrate that his *hypothetical* appeal might have merit." Id. at 11 (quoting Flores -Ortega, 528 U.S. at 486) (second emphasis added)).  Cases that have applied the more specific Strickland standard are legally distinguishable from the instant case, however, because there is nothing *hypothetical* about the one and only claim that Meyer contends he would have raised on direct appeal.  He raised the claim during the PCRA proceedings and the Superior Court of Pennsylvania ruled on the merits of it notwithstanding his prior waiver of the claim.  Therefore, this court can say with certainty that Meyer was not prejudiced by his trial counsel's failure to raise the claim on direct appeal.

raise that issue on direct appeal.

**C.     Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  In the case at bar, Meyer has not made any showing that he has been denied any of his constitutional rights.  Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition be denied and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are all owed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


    /s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
Dated: July 12, 2006                                UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Terrence F. McVerry

United States District Court Judge

Ronald M. Wabby, Jr., Esquire
ron.wabby@da.allegheny.pa.us

Joshua Meyer
EP-4827
SCI Pine Grove
191 Fyock Road
Indiana, PA 15701